### B. W. WILLIAMS V. THE STATE.

#### No. 11765.   Delivered May 2, 1928.

**Theft—Constitutionality of Statute Making Theft of Chickens or Turkeys a Felony or Misdemeanor—Held Invalid.**

In this case appellant having been prosecuted under the general theft statute for theft of turkeys of more than $50.00 in value, contends that he should have been prosecuted under Sec. 1 of Chap. 15, General Laws of Texas, passed at the First Called Session of the Thirty-ninth Legislature. That Act was declared unconstitutional in the case of Redding v. State, reported in this volume, and appellant was properly proceeded against under the general theft statute.

Appeal from the District Court of Robertson County.   Tried below before the Hon. W. C. Davis, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

*Gates & Swanger* of Huntsville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was indicted for the theft of fifteen head of turkeys of the value of $50.00, his punishment was assessed at confinement in the penitentiary for two years.

This prosecution was under the general felony theft statute as embraced in Title 17, Chap. 8, Revised Statutes, 1925.

Sec. 1 of Chap. 15, General Laws of the State of Texas, passed at the First Called Session of the Thirty-ninth Legislature, is as follows:

"Whoever shall steal any chicken or turkey shall be confined in the penitentiary not less than one year nor more than two years or by fine not to exceed $200 or by imprisonment in jail not to exceed 100 days, or by such fine and imprisonment."

Appellant insists that the above Act of the Thirty-ninth Legislature impliedly repealed the felony theft statute as applied to

the theft of any chicken or turkey and that this offense is governed by the terms of said last mentioned Act, and if mistaken in this, that the punishment for the theft of turkeys having been ameliorated by the aforesaid act, the court erred in charging the punishment prescribed by Art. 1421, P. C., 1925.

The title of the Act in question is as follows:

"An Act making it unlawful for the fradulent taking of any chicken or turkey, making such offense a felony or a misdemeanor, prescribing punishment therefor, and declaring an emergency."

It was expressly decided in the recent case of Redding v. State, No. 11485, opinion delivered April 4, 1928, not yet officially reported, that the aforesaid Act of the legislature was invalid in that its title, quoted above, was in direct violation of the Constitution. It was said in the Redding case, supra:

"The attempted making of a single act, namely, the taking of a chicken or a turkey a felony or a misdemeanor, would be the combining of incongrous enactments."

It was further said:

"We have in Texas wholly aside from this Act a theft statute which makes the taking of chickens, etc., an offense whose punishment depends on the value of the property taken. See Title 17, Chap. 8, P. C., 1925."

The language of the opinion in the Redding case, supra, is a sufficient answer to all of appellant's contentions. The quoted part of the said Act of the Thirty-ninth Legislature at its First Called Session, relied on by appellant as taking the instant case out of the general felony theft statute, being wholly invalid, could not have the effect either of repealing the statute under which this prosecution was instituted or of ameliorating the punishment, as claimed by appellant.

This is the only question briefed by appellant or apparently relied on by him for a reversal, and there being no merit in same, the judgment is affirmed.

. *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.